GROVER L. COVINGTON, Chief Judge.
In this appeal, the appellants, Myron Dy-relle Jackson, individually and as natural tutor of his minor children, Joseph Tru-maine Jackson and Jeremy Antoine Jackson; and Janet Moses Jackson, seek reversal of the judgment in favor of the defendants, Milton M. Ourso, Sr., Ourso Development Company and Continental Insurance Company (designated in the petition as Underwriting Adjusting Company), dismissing the plaintiffs’ demands at their costs.
This suit arises out of the following facts; The appellants rented a residence at 2725 Iroquois Street in Baton Rouge, Louisiana, from Ourso Development Corporation and its sole owner, Milton M. Ourso, Sr., on a month-to-month basis. The premises were insured by Continental Insurance Company.
On January 7, 1982, a fire occurred at the premises, destroying the personal property and effects of the plaintiffs. The plaintiffs sued the owners of the premises and their insurer, as stated above, alleging that they sustained certain property damages and mental anguish as a result of “the defective premises leased to them by the defendants and defendants breached their duty to provide them with safe property.” The defendants responded, denying liability and asserting that “the fire was caused solely by the negligence, or other fault, of the plaintiffs,” including “improper and careless use of an iron,” as well as careless use of other appliances, electrical cords and receptacles.
*416 On appeal, the plaintiffs assert that the trial court erred in finding that they failed to establish that the fire was the result of the defective premises which they rented from Ourso. They argue in brief that the fire was caused by a defective air conditioner or by defective electrical wiring in the premises. They contend that the evidence presented at trial was sufficient to establish liability on the part of the landlords and their insurer, based on the defective condition of the rented premises, under LSA-C.C. art. 2695, which holds a lessor strictly liable to a lessee for damages caused by a defect in the leased premises.
The burden of proof which the plaintiffs must meet in an action arising under Article 2695 is to establish by a preponderance of the evidence that a defect in the building caused the damages of which the plaintiffs complain. The trial judge clearly felt that the evidence presented was insufficient to establish the plaintiff’s right to recover, remarking:
In this situation there is any number of possible causes of the fire. Based on that, the Court finds that there was insufficient evidence to establish the cause of the fire with any degree of certainty, certainly not by a preponderance of the evidence.
The trial judge, based on the testimony of the defendants’ expert, Dr. Leonard Adams, an electrical engineer, ruled out the electrical wiring and the air conditioner as the source of the fire, and seemed inclined to believe that the fire was caused by the iron having been left on when Mrs. Jackson ironed during the morning of the fire, stating “there is plenty of evidence which would indicate that the iron was left on, which was in close proximity to the curtains and next to the air conditioner.”
In the final analysis, the evidence in the record does not establish the cause of the fire. Thus, we hold, as did the trial court that the plaintiffs have failed to carry their burden of proof that a defect in the building or its appurtenances caused the damages claimed by the plaintiffs. Having reviewed the record in this case, we conclude that the trial court was correct in its decision that the plaintiffs failed to establish by a preponderance of the evidence that a defective condition of the premises, such as the electrical wiring or air conditioner, caused the damages herein.
Accordingly, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.